**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| WANDA HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cv-2207-DDC-TJJ |
| | ) | |
| PRIME RECOVERY, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Default Judgment (ECF No. 9). By minute order, District Judge Crabtree referred the Motion to the undersigned Magistrate Judge.[1] For the reasons explained below, the Magistrate Judge recommends District Judge Crabtree deny the motion without prejudice because the Court requires further clarification and additional information regarding the Court's personal jurisdiction over Defendant.

**REPORT**

**I.    Procedural History**

On April 17, 2025, Plaintiff Wanda Harris filed her Complaint in this case against Defendant Prime Recovery, LLC, a New York limited liability company. Previously, on October 23, 2023, Plaintiff filed a Chapter 13 bankruptcy petition in the matter styled *In re Harris*, D. Kan. Bankr. No. 23-21262. Among the debts listed on Schedule E/F of Plaintiff's bankruptcy petition was a delinquent consumer debt that she allegedly owed to Lend Nation. Plaintiff alleges in this case, that on February 17, 2025, Defendant sent Plaintiff a collection email demanding payment

---

[1] *See* ECF No. 10.

1

of the Lend Nation debt, despite the debt being included in her bankruptcy.  Plaintiff further alleges Defendant violated sections 1692e and 1692c(c) of the Fair Debt Collection Practices Act ("FDCPA") by demanding payment of, and failing to cease communications and collections regarding a debt subject to bankruptcy.  Plaintiff also alleges Defendant engaged in abusive collection actions in violation of section 1692d of the FDCPA.

Plaintiff resides in the state of Kansas.  Defendant is a New York limited liability company. Plaintiff alleges Defendant "operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Kanas" and though "not authorized to do so, Defendant conducts business [in] Kansas."[2]

On June 4, 2025, the Clerk of the District Court, pursuant to Fed. R. Civ. P. 55(b)(1), entered a Clerk's Entry of Default[3] against Defendant for failure to file an answer or other pleading responsive to Plaintiff's Complaint.  On July 10, 2025, Plaintiff filed her Motion for Default Judgment[4] requesting that, pursuant to Fed. R. Civ. P. 55(b)(2), the Court enter default judgment against Defendant, and damages be resolved at a subsequent proceeding.

## II.    Legal Standard

Federal Rule of Civil Procedure 55 provides a two-step process for securing a default judgment.  First, Rule 55(a) allows the Clerk to enter default against a party who "has failed to plead or otherwise defend" a lawsuit.  Once default has been entered, the party may apply to the court for entry of a default judgment.[5]  Before the court can award a default judgment, it has an

---

[2] Pl.'s Compl., ECF No. 1, p. 2.

[3] ECF No. 8.

[4] ECF No. 9.

[5] Fed. R. Civ. P. 55(b)(2).

affirmative duty to determine whether it has subject-matter jurisdiction and personal jurisdiction over the defendant.[6] This requires a prima facie showing based on the written submissions.[7] The Court then determines whether default judgment is proper, and evaluates whether there is a sufficient basis in the pleadings for the judgment to be entered.[8]

### III.   Analysis

As noted above, the Court first has an affirmative duty to determine whether it has subject-matter jurisdiction and personal jurisdiction. The subject-matter jurisdiction is easily made. The Court finds it has subject-matter jurisdiction over the matter pursuant to 28 U.S.C. § 1331 because Plaintiff brings her claims under the FDCPA.[9]

The personal jurisdiction determination is not so easily made. To establish personal jurisdiction over a defendant, a plaintiff must satisfy the state long-arm statute and constitutional due process.[10] "The Kansas long-arm statute is liberally construed to assert personal jurisdiction to the full extent permitted by the due process clause of the Constitution."[11] Due process requires there be minimum contacts between the forum state and nonresident defendant.[12] A Court may

---

[6] *Stafford v. Jankowski*, 338 F. Supp. 2d 1225, 1227 (D. Kan. 2004).

[7] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997)

[8] *Joe Hand Promotions, Inc. v. Trotter's on the River, LLC*, No. 25-2105-DDC-TJJ, 2025 WL 3718338, at *2 (D. Kan. Dec. 23, 2025).

[9] *Mantz v. Rapid Res., Inc.*, No. 22-CV-2484-HLT-ADM, 2022 WL 17716838, at *2 (D. Kan. Sept. 14, 2022).

[10] *Fears v. Medicredit, Inc.*, No. 18-cv-2473-JAR-TJJ, 2018 WL 6725378, at *2 (D. Kan. Dec. 21, 2018) ("[T]he FDCPA does not confer nationwide service of process in this case. Thus, personal jurisdiction must be established under the Kansas long-arm statute, K.S.A. 60-308(b).").

[11] *Id.*

[12] *Van Deelen v. City of Kansas City, Mo.*, No. CIV.A. 05-2028, 2006 WL 1301000, at *4 (D. Kan. May 9, 2006) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"assert specific jurisdiction over a nonresident defendant if the defendant has 'purposefully directed' its activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities."[13]  If the plaintiff's cause of action does not arise from activities defendant has directed at the forum state, the court may still, nonetheless, maintain general personal jurisdiction over the defendant based on defendant's contacts with the state.[14] However, "[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'"[15]  Once it is established a defendant has minimum contacts with the forum state, the Court still must consider whether the exercise of personal jurisdiction over a nonresident Defendant would "offend traditional notions of 'fair play and substantial justice.'"[16]

### A.  Specific Personal Jurisdiction

Specific personal jurisdiction requires "(1) that the defendant has purposefully directed [its] activities at residents of the forum, and (2) that the suit arise out of or relate to those activities."[17]  Whether a defendant "purposefully directed" activities at a forum's residents turns on whether there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its

---

[13] *Rainy Day Books, Inc. v. Rainy Day Books & Cafe, L.L.C.*, 186 F. Supp. 2d 1158, 1161 (D. Kan. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

[14] *Id.*

[15] *Id.* (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)).

[16] *Id.* (quoting *Burger King Corp.*, 471 U.S. at 476).

[17] *Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1221 (10th Cir. 2021)

laws."[18]  "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts."[19]

In *Mantz v. Rapid Resources, Inc.*[20] this Court previously found to make a prima facie showing of specific personal jurisdiction over a defendant debt collector in an FDCPA action, the plaintiff must plead facts suggesting the defendant debt collector engaged in a deliberate act or had intent to reach into the forum.[21]  The Court found this generally required the defendant debt collector to have some level of knowledge "they were directing activities at a Kansas resident or were otherwise reaching into the forum."[22]  In discussing whether a defendant debt collector had the requisite level of knowledge such that the Court could assume jurisdiction over it, the Court differentiated between activities that would show a defendant debt collector knew the plaintiff lived in Kansas, or knew they were attempting to collect from a Kansas resident—i.e. mailing a letter to a Kansas address or making a phone call into Kansas—versus activities that would not confer such knowledge, i.e. sending an email.[23]  The Court ultimately ruled the plaintiff's

---

[18] *Trujillo v. Williams*, 465 F.3d 1210, 1219 (10th Cir. 2006).

[19] *Burger King Corp.*, 471 U.S. at 474.

[20] No. 22-CV-2484-HLT-ADM, 2022 WL 17716838 (D. Kan. Sept. 14, 2022).

[21] *Mantz*, 2022 WL 17716838, at *3 (finding making a debt collection phone call or sending a debt collection email is insufficient to establish personal jurisdiction over a foreign defendant absent evidence defendant knew or should have known it was venturing into another forum).  The Court noted there may be a split of authority as to whether a single communication giving rise to a FDCPA claim is sufficient to establish personal jurisdiction over a nonresident debt collector.  However, the Court, based on the facts pled, did not reach that issue, but instead found plaintiff's pleadings lacked factual support to show the defendant debt collector purposefully availed itself of the privilege of doing business in Kansas.

[22] *Id.* at *4.

[23] *Id.* at *3.

allegations that he was emailed and called at an unidentified phone number[24] by the defendant debt collectors—LLCs with principal places of business in New York and Delaware—were insufficient to establish personal jurisdiction over the defendants.  The Court found such allegations did not sufficiently show defendants purposefully directed activities at the forum or purposefully availed themselves of the privilege of doing business in Kansas.

Plaintiff does not explicitly address the issue of personal jurisdiction over Defendant in the Complaint (ECF No. 1), the Application for Entry of Default (ECF No. 7), Motion for Default Judgment (ECF No. 9), any of the accompanying affidavits and declarations, or any other pleading. In the Complaint, Plaintiff generally alleges Defendant conducts business in the state of Kansas in its operation of a defaulted debt collection business, attempting to collect debts from consumers in many states, including consumers in the State of Kansas.[25]  The only specific fact alleged in any of the pleadings that suggests Defendant might have purposefully directed its activities at the forum is that Defendant sent Plaintiff, a Kansas resident, a single collections email on February 17, 2025, demanding payment of the Lend Nation debt.[26]  Plaintiff does not allege, however, any facts to suggest Defendant knew Plaintiff lived in Kansas or knew it was attempting to collect from a Kansas resident.

Based on the limited facts pled, Plaintiff has not shown Defendant engaged in a deliberate act or had an intent to reach into this forum.  Plaintiff merely alleges Defendant emailed Plaintiff a single time, and fails to plead any facts showing Defendant knew Plaintiff lived in Kansas or that

---

[24] Though the Court discussed that making a phone call into Kansas may be sufficient to show a debt collector had knowledge the debtor was a Kansas resident, the plaintiff failed to allege facts showing a phone call was made into Kansas.  *Id.* at *4 n.3 (D. Kan. Sept. 14, 2022).

[25] *See* Complaint, ECF No. 1, ¶ 4, 6.

[26] *See id.* at ¶ 4.

Defendant knew it was attempting to collect from a Kansas resident.  There are no facts alleged that Defendant purposefully directed activities at the forum or purposely availed itself of the privilege of doing business in Kansas.[27]  Therefore, based on the current record, the Court is unable to find it has specific personal jurisdiction over Defendant.

### B.  General Personal Jurisdiction

General personal jurisdiction imposes a more stringent standard than specific jurisdiction. To establish general jurisdiction, the defendant's contacts with the forum must be "so 'continuous and systematic' as to render [it] essentially at home in the forum State."[28]  When determining general jurisdiction the Court considers several factors, including "(1) whether the corporation solicits business in the state through a local office or agent; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation."[29]  Besides alleging vaguely that Defendant is a New York based LLC which conducts business in the state of Kansas, Plaintiff fails to plead facts addressing any of the above factors.  Plaintiff's minimalist pleadings fail to allege any continuous or systematic contacts with the State of Kansas.  The allegations as pled are insufficient to establish general jurisdiction over Defendant.

**RECOMMENDATION**

---

[27] *Mantz*, 2022 WL 17716838, at *3; *See also Fears*, 2018 WL 6725378, at *3 (finding plaintiff failed to establish personal jurisdiction where facts suggested defendant never had knowledge of plaintiff's residence).

[28] *Daimler AG v. Brauman*, 571 U.S. 117, 138 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

[29] *Berry v. Ulrich Hereford Ranch, Inc.*, No. 17-2109-JTM, 2017 WL 3130589, at *4 (D. Kan. July 24, 2017)

Plaintiff's bare allegations regarding personal jurisdiction are insufficient, and do not set forth a colorable basis for the Court's exercise of personal jurisdiction over Defendant. Plaintiff has failed to make a prima facie showing of either specific or general personal jurisdiction over Defendant on the current record. The undersigned therefore recommends the denial Plaintiff's Motion for Default Judgment (ECF No. 9). However, being mindful of the procedural posture of the case, the undersigned recommends the denial be without prejudice to refiling, if warranted, to attempt to correct the pleading deficiencies set forth herein.

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this report and recommendation within fourteen days after being served with a copy. If Plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this Report and Recommendation will be allowed by any court.

Dated February 27, 2026, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge