### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WANDA HARRIS,** | |
| **Plaintiff,** | **Case No. 25-2207-DDC-JBW** |
| **v.** | |
| **PRIME RECOVERY, LLC,** | |
| **Defendant.** | |

### MEMORANDUM AND ORDER

Plaintiff Wanda Harris brought this Fair Debt Collection Act case against defendant Prime Recovery, LLC. She filed a Motion for Default Judgment (Doc. 9). Magistrate Judge Teresa J. James filed a Report and Recommendation (Doc. 10), recommending that the court deny plaintiff's motion because she's failed to set forth a prima facie case of personal jurisdiction. Plaintiff timely objected. Doc. 11. This Order overrules plaintiff's objections, adopts Magistrate Judge James's Report and Recommendation (Doc. 10), and denies plaintiff's Motion for Default Judgment (Doc. 9) without prejudice to refiling.

The court denies plaintiff's motion because the arguments she has advanced in her objection are all new ones. Plaintiff's Motion for Default Judgment (Doc. 9) is barebones, consisting of just two pages and no legal argument. Plaintiff failed to advance any argument that she had met her burden to win a default judgment. *See* Doc. 9 at 1–2. In particular, plaintiff never explained why the court could exercise personal jurisdiction over defendant. *See id.* This failure is significant because plaintiff bears the burden to show that the court has personal jurisdiction to enter a default judgment in her favor. *E.g.*, *Malluk v. Berkeley Highlands Prods.*,

*LLC*, 611 F. Supp. 3d 1134, 1138 (D. Colo. 2020) (explaining that "the plaintiff bears the burden of proving personal jurisdiction before a default judgment may be entered"); *United States v. Bradshaw*, No. 23-00546-JD, 2024 WL 4521387, at *2 (W.D. Okla. Oct. 17, 2024) (same).

Circuit precedent instructs parties that they waive arguments by making them for the first time in an objection. *E.g.*, *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."); *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (similar). Here, plaintiff advanced no argument—none—why the court's jurisdiction is proper. She filed her perfunctory motion at her own peril; her objections ring hollow after her failure to present any argument in the first instance. Because plaintiff has waived all the arguments she now makes, the court overrules her objections and adopts, affirms, and accepts Magistrate Judge James's Report and Recommendation (Doc. 9). As Magistrate Judge James recommended, the court denies plaintiff's Motion for Default Judgment (Doc. 10) without prejudice to refiling. Any future motion must address—explicitly—why plaintiff has carried her burden to show that she is entitled to a default judgment.[1]

---

[1]  The court's review of the Kansas Secretary of State's website shows that defendant's status is listed as "Forfeited – Failed to Timely File I/R." (Available by searching for "Prime Recovery LLC" on https://www.sos.ks.gov/eforms/BusinessEntity/Search.aspx (last visited Mar. 13, 2026)). Should plaintiff move for default judgment again, she should explain (among other things) whether she served defendant properly given that it has forfeited its registration to do business in Kansas. Plaintiff also should explain how this forfeited status affects her argument that defendant consented to general personal jurisdiction in Kansas courts should she raise that argument again.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Magistrate Judge Teresa J. James's Report and Recommendation (Doc. 10) is **ADOPTED**, **AFFIRMED**, and **ACCEPTED**.

**IT IS FURTHER ORDERED THAT** plaintiff Wanda Harris's Motion for Default Judgment (Doc. 9) is denied without prejudice to refiling.

**IT IS SO ORDERED.**

**Dated this 18th day of March, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

3